1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3

4   United States of America,                                    2:15-cr-156-JAD-PAL

5          Plaintiff

                                                        **Order Granting in Part Motion in**
6   v.                                                              **Limine**

7   Michael Beale,                                                    **[ECF 26]**

8          Defendant

9

10        In anticipation of his November 3, 2015, trial on a single count of being a felon in possession

11   of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), defendant Michael Beale moves to

12   exclude testimony that he told Centennial Hills Hospital staff he had a gun and would come back and

13   kill them.[1]   I find that Beale's threats to bring a gun to kill his medical treaters are highly probative of

14   the central issue of whether Beale had possession of the gun found under the seat of the car that

15   transported him to the hospital, so these statements will be admitted.  But Beale's more generalized

16   statement that he was planning to kill his medical providers is not as directly probative and is also

17   cumulative of the more specific gun threats.  Accordingly, that statement will be excluded under

18   FRE 403.

19                                          **Discussion**

20        Although the Federal Rules of Evidence do not explicitly authorize motions in limine, the

21   trial courts' general authority to manage trials permits trial judges to rule on evidentiary issues before

22   the start of trial.[2]   Pretrial consideration of evidentiary issues may avoid the futile attempt of

23   "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken

24   from the record.[3]   Motions in limine may also save expensive trial time because ruling on

25   ——————————————

26   [1] ECF 26.

27   [2] *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).

28   [3] *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003) (quotations and citations omitted).

1   evidentiary disputes in advance minimizes side-bar conferences and other disruptions at trial, and

2   potentially obviates the need to call certain witnesses.[4]

3           Beale moves to exclude "several threatening statements" he allegedly made "to hospital

4   employees when he first entered the hospital" seeking treatment for a bleeding wound[5]:

5   1.      "He said that he had a gun in his car, he was gonna come back and kill his [the doctor's] ass

6           if we didn't let him go . . . ."

7   2.      "If you don't let me go, I'm gonna come back and kill your [the doctor's] ass . . . ."

8   3.      "He was threatening Doctor Jesser that he would kill him, that he would kill the other staff,

9           um, so we, and the, he had a gun that he was going to use to do so . . . ."

10  4.      "he was saying that he was going to come back and kill the staff, um that he had a gun, um,

11          access to a gun . . . ."

12  Beale argues that these statements are unduly prejudicial and offer no probative value because the

13  question is "whether Mr. Beale possessed a firearm."[6]

14          The government responds that these statements are "plainly and highly probative" of the

15  central issue in this case because this is a "constructive possession case."[7]  The firearm was not

16  found in Beale's possession, and the government must prove that Beale "knowingly had the power

17  and the intention to exercise dominion and control" over it and, in fact, did so.[8]  The government's

18  case will be primarily based on the testimony of the woman who drove Beale to the hospital.  She

19  told police that, on the way to the hospital, Beale said he had "a gun to protect himself and he was in

20  possession of that gun."[9]  She told Beale "to leave the gun in her car" and helped him into the

21

22

_____

[4]  *See United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

[5]  ECF 26 at 5.

[6]  *Id*.

[7]  ECF 28 at 2.

[8]  *Id*.

[9]  ECF 26 at 2.

1  emergency room.[10]  Once inside the hospital, Beale became belligerent and verbally abusive.  He

2  started making threats to kill the doctor and staff, and he made some reference to a gun in his car.[11]

3  Hospital staff called 9-1-1 to report Beale's suspicious behavior, and an investigation was opened.[12]

4  The woman who drove Beale to the hospital consented to a search of her car; police found a gun

5  under the front passenger seat.[13]

6        Rule 403 of the Federal Rules of Civil Procedure permits the court to "exclude relevant

7  evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice,

8  confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

9  cumulative evidence."  In essence, the rule "provides a balancing test for the exclusion of relevant

10  evidence on the grounds of prejudice."[14]

11        When Rule 403 is applied to the contested statements, the balance tips in favor of admitting

12  statements 1, 3, and 4, but not 2.  Statements 1, 3, and 4 are highly probative because they provide

13  circumstantial evidence that Beale possessed—and intended to continue to possess—the gun under

14  the passenger seat that Beale rode to the hospital in.  Although Beale may experience some prejudice

15  from the introduction of these statements, it is not "undue" prejudice because it is intertwined with

16  the issues of his guilt or innocence in this case.[15]  Beale was not merely threatening hospital staff, he

17  was threatening to harm hospital staff *with a gun*.  I find that the gun threats are more probative than

18  prejudicial and deny the request to exclude them under FRE 403.

19

20  [10] *Id.*

21  [11] *Id.*

22  [12] *Id.* at 3.

23  [13] *Id.*

24

25  [14] *United States v. W.R. Grace*, 504 F.3d 745, 759 (9th Cir. 2007).

26  [15] *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (quoting *United States v. Yazzie,*
59 F.3d 807, 811 (9th Cir. 1995) ("Evidence is unfairly prejudicial if it makes a conviction more

27  likely because it provokes an emotional response in the jury or otherwise tends to affect adversely
the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence*

28  *of the crime charged.*") (emphasis in original) (internal quotation mark omitted)).

The same cannot be said, however, of Beale's more generic threat #2, which does not mention the gun.  This statement is less probative and, to the extent it is probative, it is also cumulative of threats 1, 3, and 4.  Accordingly, I grant the motion in part and exclude the second statement under Rule 403 as cumulative.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion in Limine to Preclude Admission of FRE 403 Evidence is granted in part and denied in part.  Testimony that Beale threatened to use a gun on hospital staff will be admitted; but testimony that he merely threatened to kill people at the hospital will be excluded.

Dated this 29th day of October, 2015

_____
Jennifer A. Dorsey
United States District Judge